**UNITED STATES DISCTRICT COURT**
**FOR THE NORTHERN DISTRICT OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HAAS, | ) | **Case No. 5:25-cv-00885** |
| | ) | |
| Plaintiff, | ) | **Judge J. Philip Calabrese** |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF AKRON, et al., | ) | **ANSWER OF DEFENDANTS CITY OF** |
| | ) | **AKRON, LEON HENDERSON, JOSEPH** |
| Defendants. | ) | **NATKO, AND CLARENCE TUCKER** |

Now come Defendants City of Akron ("Akron"), Leon Henderson ("Henderson"), Joseph Natko ("Natko"), and Clarence Tucker ("Tucker") (collectively "Defendants"), by and through Counsel, and hereby answer the Complaint of Plaintiff Michael Haas ("Haas" or "Plaintiff") as follows:

**<u>PARTIES</u>**

1.     Upon information and belief, Defendants admit the allegations in Paragraph 1 of the Complaint.

2.     Defendants admit that Akron is an Ohio chartered municipal corporation located in Summit County, Ohio and that it employs individuals. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.     Admitted.

4.     Defendants admit that Akron has employed Henderson as a firefighter. The remaining allegations in Paragraph 4 of the Complaint state legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 4 of the Complaint.

5.     Admitted.

6.      Defendants admit that Akron has employed Natko as a firefighter and later as Assistant to the Mayor for Emergency Management. The remaining allegations in Paragraph 6 of the Complaint state legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 6 of the Complaint.

7.      Admitted.

8.      Defendants admit that Akron has employed Tucker as a firefighter and later as Deputy Mayor for Public Safety. The remaining allegations in Paragraph 8 of the Complaint state legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      Paragraph 9 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 9 of the Complaint.

10.     Defendants admit that Akron employs Ohio residents, enters into contracts in Ohio, and owns or rents property in Ohio. The remaining allegations in Paragraph 10 of the Complaint state legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 10 of the Complaint.

11.     Defendants admit that Akron employs Plaintiff and that he performs work in the City of Akron. Defendants deny any remaining allegations in Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 12 of the Complaint.

13.     Because a court's subject-matter jurisdiction is not a matter that is subject to the stipulation of litigants, no admission or denial to Paragraph 13 of the Complaint is required.

14.     Because a court's subject-matter jurisdiction is not a matter that is subject to the stipulation of litigants, no admission or denial to Paragraph 14 of the Complaint is required.

15.     Defendants admit that venue is proper in this Court. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendants admit that venue is proper in this Court. Defendants deny any remaining allegations in Paragraph 16 of the Complaint.

17.     Defendants admit that venue is proper in this Court.

## ADMINISTRATIVE PROCEDURE

18.     Akron admits that Plaintiff submitted OCRC Charge No. AKR73(009335)09052024, dual-filed as EEOC Charge No. 22A-2025-00157, against the City of Akron, and that Plaintiff submitted EEOC Charge No. 532-2025-02894, dual-filed with the OCRC, against the City of Akron. As these charges speak for themselves, Akron neither admits nor denies Plaintiff's characterization of his charge, and Akron denies any remaining allegations in Paragraph 18 of the Complaint. Henderson, Natko, and Tucker deny the allegations in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

19.     Akron admits the OCRC issued a Notice of Right to sue on OCRC Charge No. AKR73(009335)09052024 on November 21, 2024 and the EEOC issued a Notice of Right

to Sue on EEOC Charge No. 22A-2025-099157 on February 11, 2025. As these Notices of Right to Sue speak for themselves, Akron neither admits nor denies Plaintiff's characterization of these Notices of Right to Sue, and Akron denies any remaining allegations in Paragraph 19 of the Complaint. Akron further denies that Notices of Right to Sue have been issued with respect to EEOC Charge No. 532-2025-02894, dual-filed with the OCRC. Henderson, Natko, and Tucker deny the allegations in Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

20.    Paragraph 20 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 20 of the Complaint.

21.    Paragraph 21 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 21 of the Complaint.

## **FACTS**

22.    Admitted.

23.    Upon information and belief, Defendants admit the allegations in Paragraph 23 of the Complaint.

24.    Upon information and belief, Defendants admit the allegations in Paragraph 24 of the Complaint.

25.    Denied.

26.    Denied.

27.    Admitted.

28.     Since the record in *Howe v. City of Akron*, No. 5-060CV-2779 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of that lawsuit. To the extent required, Defendants deny any remaining allegations in Paragraph 28 of the Complaint.

29.     Since the record in *Howe v. City of Akron*, No. 5-060CV-2779 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of that lawsuit. To the extent required, Defendants deny any remaining allegations in Paragraph 29 of the Complaint.

30.     Since the record in *Howe v. City of Akron*, No. 5-060CV-2779 speaks for itself, Defendants neither admit nor deny Plaintiff's characterizations of that lawsuit. To the extent required, Defendants deny any remaining allegations in Paragraph 30 of the Complaint.

31.     Since the record in *Howe v. City of Akron*, No. 5-060CV-2779 speaks for itself, Defendants neither admit nor deny Plaintiff's characterizations of that lawsuit. To the extent required, Defendants deny any remaining allegations in Paragraph 31 of the Complaint.

32.     Since the record in *Howe v. City of Akron*, No. 5-060CV-2779 speaks for itself, Defendants neither admit nor deny Plaintiff's characterizations of that lawsuit. To the extent required, Defendants deny any remaining allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that Akron promoted Plaintiff to Captain in 2017 and that Akron continues to employ Plaintiff as a Captain, which has included serving at different times as Captain – Fire Prevention, Captain – Fire Training, Captain – Safety Officer, and Captain – Battalion Commander. Defendants deny any remaining allegations in Paragraph 33 of the Complaint.

34.     Admitted.

35.     Defendants admit that the Safety Officer position is assigned to a Captain and to a 40-hour work week schedule.

36.    Defendants admit that Plaintiff appeared to be qualified at the time he bid into the position of Safety Officer but his performance indicated he was not. Defendants deny any remaining allegations in Paragraph 36 of the Complaint.

37.    Denied. Akron further states that Akron has appointed Plaintiff provisionally as a District Chief during vacancies for certain periods of time.

38.    Defendants admit that Natko retired from service from the Department of Public Safety, Fire Division in or around March 2024. Defendants deny any remaining allegations in Paragraph 38 of the Complaint.

39.    Defendants admit that Akron appointed Chief Natko as Assistant to the Mayor for Emergency Management in or around March 2024. Defendants deny any remaining allegations in Paragraph 39 of the Complaint.

40.    Defendants admit that Plaintiff was on the 2024 candidate eligibility list for District Chief and that Akron considered him for the position of District Chief in 2024. Defendants deny any remaining allegations in Paragraph 40 of the Complaint.

41.    Denied. Defendants further state that promotions are governed by the applicable collective bargaining agreement between Akron and the Akron Firefighters Association, Local #330, (hereinafter "22-24 CBA"), which speaks for itself.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Upon information and belief, Defendants admit the allegations in Paragraph 45 of the Complaint.

46.    Denied.

47.     Upon information and belief, Defendants admit the allegations in Paragraph 47 of the Complaint.

48.     Upon information and belief, Defendants admit the allegations in Paragraph 48 of the Complaint.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

55.     Defendants deny any factual allegations in Paragraph 55 of the Complaint. To the extent required, Defendants deny any remaining allegations in Paragraph 55 of the Complaint.

56.     Defendants admit that Akron promoted Henderson to Fire Chief in June 2024. Defendants deny any remaining allegations in Paragraph 56 of the Complaint.

57.     Admitted.

58.     Paragraph 58 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 58 of the Complaint.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Defendants deny any factual allegations in Paragraph 68 of the Complaint. To the extent required, Defendants deny any remaining allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

70.     Paragraph 70 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 72 of the Complaint.

73.     As Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies. To the extent required, Defendants deny any remaining allegations in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 75 of the Complaint.

76.     As Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies. To the extent required, Defendants deny any remaining allegations in Paragraph 76.

77.     Paragraph 77 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 78 of the Complaint.

79.     Defendants deny any factual allegations in Paragraph 79 of the Complaint. To the extent required, Defendants deny any remaining allegations in Paragraph 79 of the Complaint.

80.     Denied.

81.     Paragraph 81 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 81 of the Complaint.

82.     Denied.

83.     Denied.

84.    Defendants deny the allegations in Paragraph 84 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

85.    Defendants deny that Sierjie Lash ("Lash") was suspended. Defendants deny any remaining allegations in Paragraph 85 of the Complaint.

86.    Defendants admit that Lash appealed a Notice of Disciplinary Action dated November 28, 2023 and that this appeal was granted on December 13, 2023. Defendants deny any remaining allegations in Paragraph 86 of the Complaint.

87.    Admitted.

88.    Defendants deny the allegations in Paragraph 88 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

89.    Defendants deny the allegations in Paragraph 89 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

90.    Defendants deny the allegations in Paragraph 90 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

91.    As Mayor Horrigan's letter, dated December 13, 2023, regarding the Mayor's Appeal Hearing, speaks for itself, Defendants neither admit nor deny the Mayor's findings therein. Defendants further deny Plaintiff's characterization of this letter. To the extent a responsive pleading is required to any remainder of Paragraph 91, Defendants deny the remaining allegations in Paragraph 91.

92.    As Mayor Horrigan's Letter, dated December 13, 2023, regarding the Mayor's Appeal Hearing speaks for itself, Defendants neither admit nor deny the Mayor's findings therein. Defendants further deny Plaintiff's description of this letter. To the extent a responsive

pleading is required to any remainder of Paragraph 92, Defendants deny the remaining allegations in Paragraph 92.

93. As Mayor Horrigan's Letter, dated December 13, 2023, regarding the Mayor's Appeal Hearing speaks for itself, Defendants neither admit nor deny the Mayor's findings therein. Defendants further deny Plaintiff's description of this letter. To the extent required, Defendants deny any remaining allegations in Paragraph 93.

94. Defendants admit Eufrancia Lash has served in the Mayor's Cabinet as a Deputy Director since 2019 and is the brother of Lash. Defendants deny any remaining allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

96. Defendants admit that Akron appointed Lash to District Chief in August 2024. Defendants deny the remaining allegations in Paragraph 96 of the Complaint.

97. Defendants admit Akron appointed Henderson to Fire Chief in June 2024. Defendants deny the remaining allegations in Paragraph 97 of the Complaint.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Defendants admit that Tucker served Akron as Fire Chief from in or around December 2016 until in or around November 2022 when he was appointed Deputy Mayor for Public Safety. Defendants deny any remaining allegations in Paragraph 102 of the Complaint.

103. Denied.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

105.    Denied.

106.    Defendants deny the allegations in Paragraph 106 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Defendants admit that in August 2024 Akron promoted Lash to District Chief. Defendants

deny the remaining allegations in Paragraph 143 of the Complaint.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Paragraph 152 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 152 of the Complaint.

153.    Paragraph 153 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 153 of the Complaint.

154.    Paragraph 154 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 154 of the Complaint.

155.    Paragraph 155 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 155 of the Complaint.

156.    Paragraph 156 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 156 of the Complaint.

157.  Paragraph 157 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 157 of the Complaint.

158.  Paragraph 158 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 158 of the Complaint.

159.  Paragraph 159 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 159 of the Complaint.

160.  Akron and Henderson admit that Henderson informed Plaintiff in a conversation on or around July 26, 2024 that Akron was not appointing Plaintiff to District Chief. Akron and Henderson deny any remaining allegations in Paragraph 160 of the Complaint. Natko and Tucker deny the allegations in Paragraph 160 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

161.  Akron and Henderson deny the allegations in Paragraph 161 of the Complaint. Natko and Tucker deny the allegations in Paragraph 161 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

162.  Akron and Henderson deny the allegations in Paragraph 162 of the Complaint. Natko and Tucker deny the allegations in Paragraph 162 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

163.  Paragraph 163 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 163 of the Complaint.

164.  Akron and Henderson deny the allegations in Paragraph 164 of the Complaint. Natko and Tucker deny the allegations in Paragraph 164 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

165.  As Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies. To the extent required, Defendants deny any remaining allegations in Paragraph 165 of the Complaint.

166.  Paragraph 166 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 166 of the Complaint.

167.  Paragraph 167 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 167 of the Complaint.

168.  Paragraph 168 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 168 of the Complaint.

169.  As Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies. To the extent required, Defendants deny any remaining allegations in Paragraph 169 of the Complaint.

170.  Paragraph 170 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 170 of the Complaint.

171.  Defendants deny any factual allegations in Paragraph 171 of the Complaint. To the extent required, Defendants deny any remaining allegations in Paragraph 171 of the Complaint.

172. Paragraph 172 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 172 of the Complaint.

173. As Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies. To the extent required, Defendants deny any remaining allegations in Paragraph 173 of the Complaint.

174. Paragraph 174 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 174 of the Complaint.

175. Paragraph 175 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 175 of the Complaint.

176. Paragraph 176 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 176 of the Complaint.

177. Paragraph 177 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves,

Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 177 of the Complaint.

178. Paragraph 178 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 178 of the Complaint.

179. Paragraph 179 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 179 of the Complaint.

180. Paragraph 180 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 180 of the Complaint.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Defendants deny any factual allegations in Paragraph 188 of the Complaint. To the extent required, Defendants deny any remaining allegations in Paragraph 188 of the Complaint.

189. Paragraph 189 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 189 of the Complaint.

190. Defendants deny any factual allegations in Paragraph 190 of the Complaint. To the extent required, Defendants deny any remaining allegations in Paragraph 190 of the Complaint.

191. Defendants deny any factual allegations in Paragraph 191 of the Complaint. To the extent required, Defendants deny any remaining allegations in Paragraph 191 of the Complaint.

192. Paragraph 192 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 192 of the Complaint.

193. Defendants deny any factual allegations in Paragraph 193 of the Complaint. To the extent required, Defendants deny any remaining allegations in Paragraph 193 of the Complaint.

194. Denied.

195. Denied.

196. Defendants deny the allegations in Paragraph 196 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

197. Akron and Henderson admit the allegations in Paragraph 197 of the Complaint. Natko and Tucker deny the allegations in Paragraph 197 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

198.   Akron and Henderson deny the allegations in Paragraph 198 of the Complaint. Natko and Tucker deny the allegations in Paragraph 198 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

199.   Akron and Henderson deny the allegations in Paragraph 199 of the Complaint. Natko and Tucker deny the allegations in Paragraph 199 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

200.   Akron and Henderson admit the allegations in Paragraph 200 of the Complaint. Natko and Tucker deny the allegations in Paragraph 200 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

201.   Akron and Henderson admit the allegations in Paragraph 201 of the Complaint. Natko and Tucker deny the allegations in Paragraph 201 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

202.   Akron and Henderson deny the allegations in Paragraph 202 of the Complaint. Natko and Tucker deny the allegations in Paragraph 202 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

203.   Defendants deny the allegations in Paragraph 203 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

204.   Akron and Henderson admit that Vober sent a draft transfer list to Henderson on September 4, 2024, which was incomplete. Akron and Henderson deny the remaining allegations in Paragraph 204 of the Complaint. Natko and Tucker deny the allegations in Paragraph 204 lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

205.    Defendants deny the allegations in Paragraph 205 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

206.    Denied.

207.    As the electronic message sent by Plaintiff's counsel on September 4, 2024 speaks for itself, Defendants neither admit nor deny the content of that message. To the extent a responsive pleading is required to the remainder of Paragraph 207, Defendants deny the remaining allegations in Paragraph 207.

208.    As the electronic message sent by Henderson on September 4, 2024 speaks for itself, Defendants neither admit nor deny the content of that message. To the extent a responsive pleading is required to the remainder of Paragraph 208, Defendants deny the remaining allegations in Paragraph 208.

209.    Denied.

210.    Akron and Henderson deny the allegations in Paragraph 210 of the Complaint. Natko and Tucker deny the allegations in Paragraph 210 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

211.    Akron and Henderson admit the allegations in Paragraph 211 of the Complaint. Natko and Tucker deny the allegations in Paragraph 211 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

212.    Akron and Henderson admit that Plaintiff was transferred to a Captain assignment as a Battalion Commander on the 24/48-hour schedule under the 22-24 CBA. Akron and Henderson deny any remaining allegations contained in Paragraph 212 of the Complaint. Natko and Tucker deny the allegations in Paragraph 212 of the Complaint for lack of

knowledge or information sufficient to form a belief as to the truth of the allegations therein.

213. Defendants admit that Plaintiff, as a Captain assigned as a Battalion Commander, is assigned to the 24/48-hour schedule under the 22-24 CBA with 24-hour shifts. Defendants deny any remaining allegations contained in Paragraph 213 of the Complaint.

214. Denied.

215. Denied.

216. Defendants deny that the Captain assignment as a Battalion Commander is less favorable than other Captain assignments. Defendants deny any remaining allegations in Paragraph 216 of the Complaint.

217. Paragraph 217 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 217 of the Complaint.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Denied

223. Denied.

224. Denied.

225. Denied.

226. As Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies. To the extent required, Defendants deny any remaining allegations in Paragraph 226 of the Complaint.

227. Paragraph 227 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 227 of the Complaint.

228. Paragraph 228 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 228 of the Complaint.

229. Paragraph 229 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 229 of the Complaint.

230. Paragraph 230 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 230 of the Complaint.

231. Paragraph 231 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 231 of the Complaint.

232. Paragraph 232 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 232 of the Complaint.

233. Paragraph 233 of the Complaint does not contain any factual allegation to which a responsive pleading is required. Further, as Akron's written policies speak for themselves, Defendants neither admit nor deny the contents of those policies as they speak to investigations. To the extent required, Defendants deny any remaining allegations in Paragraph 233 of the Complaint.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

241. Defendants deny any factual allegations in Paragraph 241 of the Complaint. To the extent required, Defendants deny any remaining allegations in Paragraph 241 of the Complaint.

242. Paragraph 242 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 242 of the Complaint.

243. Since any electronic message sent by Plaintiff speaks for itself, Defendants neither admit nor deny the content of any such message. To the extent a responsive pleading is required to the remainder of Paragraph 243 of the Complaint, Defendants deny the remaining allegations in Paragraph 243 of the Complaint.

244. Paragraph 244 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 244 of the Complaint.

245. Defendants deny any factual allegations in Paragraph 245 of the Complaint. To the extent required, Defendants deny any remaining allegations in Paragraph 245 of the Complaint.

246. Defendants admit that Akron interviewed Plaintiff on or around October 9, 2024 in connection with an investigation into Plaintiff's allegations of discrimination and retaliation. Defendants deny any remaining allegations in Paragraph 246 of the Complaint.

247. Denied.

248. Defendants admit that Akron issued a report of its investigation on or around December 6, 2024. Defendants deny any remaining allegations in Paragraph 248 of the Complaint.

249. Denied.

250. Denied.

251.   Since the record in *Howe v. City of Akron*, No. 5-060CV-2779 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of that record. To the extent required, Defendants deny any remaining allegations in Paragraph 251.

252.   Since the record in *Howe v. City of Akron*, No. 5-060CV-2779 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of that record. To the extent required, Defendants deny any remaining allegations in Paragraph 252.

253.   Since the record in *Howe v. City of Akron*, No. 5-060CV-2779 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of that record. To the extent required, Defendants deny any remaining allegations in Paragraph 253.

254.   As the record in *Howe v. City of Akron*, No. 5-060CV-2779 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of that record. To the extent required, Defendants deny any remaining allegations in Paragraph 254.

255.   As the record in *Howe v. City of Akron*, No. 5-060CV-2779 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of that record. To the extent required, Defendants deny any remaining allegations in Paragraph 255.

256.   Defendants admit that the 2022-2024 CBA includes a "Rule of Five." Defendants admit that Akron and the Plaintiff's exclusive bargaining representative have historically negotiated several variations on the "Rule of Five" practice – varying between three, five, and six candidates. Defendants deny any remaining allegations in Paragraph 256 of the Complaint.

257.   Defendants admit that the Rule of Five has been mutually negotiated between the Plaintiff's exclusive bargaining representative and his employer, Akron. Defendants deny any remaining allegations in Paragraph 257 of the Complaint.

258.   Denied.

259.   Denied.

260.   As Article 40 of the 22-24 CBA speaks for itself, Defendants neither admit nor deny Plaintiff's description of the 22-24 CBA. Defendants deny any remaining allegations in Paragraph 260.

261.   As Article 40 of the 22-24 CBA speaks for itself, Defendants neither admit nor deny Plaintiff's description of the 22-24 CBA. Defendants deny any remaining allegations in Paragraph 261.

262.   Denied. Defendants further state that under the Rule of Five, the persons with the five highest scores on the candidate eligibility list will be certified to the hiring authority and the hiring authority will select for hiring any one of these candidates.

263.   Denied.

264.   Denied.

265.   Defendants admit the five candidates on the certified eligibility list, including Plaintiff, were considered for promotion to the District Chief position that was filled in August 2024. Defendants deny any remaining allegations in Paragraph 265 of the Complaint.

266.   Defendants admit that Akron interviewed five candidates for the District Chief position that was filled in August 2024 and that Akron promoted one of those candidates to the position. Defendants deny that Mayor Malik was on the interview team. Defendants deny any remaining allegations in Paragraph 266 of the Complaint.

267.   Denied.

268.   Denied.

269.   Denied.

270.   Denied.

271.   Denied.

272.   Denied.

273.   Denied.

274.   Defendants admit that Akron issued a report of its investigation on or around December 6, 2024. Defendants deny any remaining allegations in Paragraph 274.

275.   Defendants admit that Akron found Plaintiff's claim of retaliatory transfer to be unsubstantiated. Defendants deny any remaining allegations in Paragraph 275.

276.   Denied.

277.   Denied.

278.   Denied.

279.   Denied.

280.   Defendants admit that a District Chief retired on March 31, 2025, resulting in that position becoming vacant on April 1, 2025. Defendants deny the remaining allegations in Paragraph 280.

281.   Admitted.

282.   As the "22-24 CBA" addresses vacancies and provisional appointments, Defendants neither admit nor deny Plaintiff's characterization of this process. To the extent required, Defendants deny any remaining allegations in Paragraph 282.

283.   As the grievance dated April 7, 2025 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of this grievance. To the extent required, Defendants deny any remaining allegations in Paragraph 283.

284. As the grievance dated April 7, 2025 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of this grievance. To the extent required, Defendants deny any remaining allegations in Paragraph 284.

285. As the grievance dated April 7, 2025 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of this grievance. To the extent required, Defendants deny any remaining allegations in Paragraph 285.

286. As the grievance dated April 7, 2025 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of this grievance. To the extent required, Defendants deny any remaining allegations in Paragraph 286.

287. As the grievance dated April 7, 2025 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of this grievance. To the extent required, Defendants deny any remaining allegations in Paragraph 287.

288. As the grievance dated April 7, 2025 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of this grievance. To the extent required, Defendants deny any remaining allegations in Paragraph 288.

289. As Henderson's reply to the grievance dated April 7, 2025 speaks for itself, Defendants neither admit nor deny Plaintiff's characterization of this reply. Defendants further state that the Deputy Mayor for Labor Relations determined at Step 4 of the grievance procedure that the 2025 District Chief eligibility list was the appropriate list to be used for the provisional appointment. To the extent required, Defendants deny any remaining allegations in Paragraph 289.

290. Denied.

291. Denied.

- 29 -

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

## COUNT I:
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000E *ET SEQ.*

296.    Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

297.    Upon information and belief, Defendants admit the allegations in Paragraph 297 of the Complaint.

298.    Paragraph 298 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 298 of the Complaint.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Admitted.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

**COUNT II:**
**RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *ET SEQ*.**

308.    Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

309.    Upon information and belief, Defendants admit the allegations in Paragraph 309 of the Complaint.

310.    Paragraph 310 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 310 of the Complaint.

311.    Denied.

312.    Denied.

313.    Denied.

314.    Admitted.

315.    Denied.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Denied.

**COUNT III:**
**AGE DISCRIMINATION IN VIOLATION OF AGE DISCRIMINATION IN**
**EMPLOYMENT ACT ("ADEA") 29 U.S.C. § 623**.

320.    Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

321.    Upon information and belief, Defendants admit the allegations in Paragraph 321 of the Complaint.

322.   Denied.

323.   Denied.

324.   Paragraph 324 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 324 of the Complaint.

325.   Denied.

326.   Denied.

327.   Admitted.

328.   Denied.

329.   Denied.

330.   Denied.

331.   Denied.

332.   Denied.

## COUNT IV:
## AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

333.   Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

334.   Upon information and belief, Defendants admit the allegations in Paragraph 334 of the Complaint.

335.   Denied.

336.   Denied.

337.   Paragraph 337 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny the allegations in Paragraph 337.

338. Denied.

339. Denied.

340. Admitted.

341. Denied.

342. Denied.

343. Denied.

344. Denied.

345. Denied.

## COUNT V:
## GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000E *ET SEQ.*

346. Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

347. Upon information and belief, Defendants admit the allegations in Paragraph 347 of the Complaint.

348. Paragraph 348 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny the allegations in Paragraph 348.

349. Denied.

350. Denied.

351. Admitted.

352. Denied.

353. Denied.

354. Denied.

355. Denied.

356.    Denied.

**COUNT VI:**
**GENDER DISCRIMINATION IN VIOLATION OF R.C. 4112.01 *ET SEQ*.**

357.    Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

358.    Upon information and belief, Defendants admit the allegations in Paragraph 358 of the Complaint.

359.    Paragraph 359 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny the allegations in Paragraph 359.

360.    Denied.

361.    Denied.

362.    Admitted.

363.    Denied.

364.    Denied.

365.    Denied.

366.    Denied.

367.    Denied.

**COUNT VII:**
**RETALIATION IN VIOLATION OF 42 U.S.C. § 2000E *ET SEQ.***

368.    Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

369.    Denied.

370.    Akron admits that Plaintiff submitted OCRC Charge No. AKR73(009335)09052024, dual-filed as EEOC Charge No. 22A-2025-00157, against the City of Akron, and that Plaintiff

submitted EEOC Charge No. 532-2025-02894, dual-filed with the OCRC, against the City of Akron. As these charges speak for themselves, Akron neither admits nor denies Plaintiff's characterization of his charge, and Defendants deny any remaining allegations in Paragraph 370 of the Complaint.

371.   Denied.

372.   Denied.

373.   Denied.

374.   Denied.

375.   Denied.

376.   Denied.

377.   Paragraph 377 of the Complaint states legal conclusions to which no responsive pleading is required.

378.   Denied.

**COUNT VIII:**
**RETALIATION IN VIOLATION OF R.C. § 4112.02(I)**

379.   Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

380.   Denied.

381.   Akron admits that Plaintiff submitted OCRC Charge No. AKR73(009335)09052024, dual-filed as EEOC Charge No. 22A-2025-00157, against the City of Akron, and that Plaintiff submitted EEOC Charge No. 532-2025-02894, dual-filed with the OCRC, against the City of Akron. As these charges speak for themselves, Akron neither admits nor denies Plaintiff's characterization of his charge, and Defendants deny any remaining allegations in Paragraph 381 of the Complaint.

382.   Denied.

383.   Denied.

384.   Denied.

385.   Denied.

386.   Denied.

387.   Denied.

388.   Paragraph 388 of the Complaint states legal conclusions to which no responsive pleading is required.

389.   Denied.

### COUNT IX –
### VIOLATION OF 42 U.S.C. § 1983: EQUAL PROTECTION (RACE DISCRIMINATION) (Against City of Akron, Henderson, Tucker, and Natko)

390.   Paragraph 390 of the Complaint does not contain any factual allegation to which a responsive pleading is required. To the extent required, Defendants deny any allegation in Paragraph 30.

391.   Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

392.   Paragraph 392 of the Complaint states legal conclusions to which no responsive pleading is required.

393.   Paragraph 393 of the Complaint states legal conclusions to which no responsive pleading is required.

394.   Denied.

395.   Denied.

396.   Denied.

397.   Denied.

**COUNT IX:**
**VIOLATION OF 42 U.S.C. § 1983: FIRST AMENDMENT  RETALIATION**
**(AGAINST CITY OF AKRON, HENDERSON, AND TUCKER)**

398.    Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

399.    Paragraph 399 of the Complaint states legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, Defendants deny these and any remaining allegations in Paragraph 399 of the Complaint.

400.    Denied.

401.    Denied.

402.    Denied.

403.    Denied.

**COUNT X:**
**COUNT X – VIOLATION OF 42 U.S.C. § 1985(3): CONSPIRACY TO  DEPRIVE**
**OF EQUAL PROTECTION (AGAINST HENDERSON, TUCKER,**
**AND NATKO)**

404.    Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

405.    Denied.

406.    Denied.

407.    Denied.

408.    Denied.

409.    Denied.

**COUNT XI:**
**VIOLATION OF 42 U.S.C. § 1986: FAILURE TO PREVENT CIVIL  RIGHTS**
**VIOLATION (AGAINST HENDERSON, TUCKER, AND NATKO)**

410.    Defendants incorporate by reference into this Paragraph the admissions, denials, and

averments from each of the preceding Paragraphs, as if fully restated herein.

411.  Denied.

412.  Denied.

413.  Denied.

414.  Denied.

415.  Denied.

## DEMAND FOR RELIEF

416.  Defendants incorporate by reference in this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully stated herein.

417.  Defendants deny that Plaintiff is entitled to any relief requested in his Complaint.

## GENERAL DENIAL

418.  Defendants incorporate by reference in this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully stated herein.

419.  Defendants deny all allegations in the Complaint not specifically and expressly admitted in the preceding paragraphs.

## AFFIRMATIVE AND ADDITOINAL DEFENSES

420.  Defendants incorporate by reference in this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully stated herein.

421.  Defendants assert the following affirmative and additional defenses to the Complaint, but do not assume the burden of proof on any such defense except as required by law.

422.  Plaintiff's Complaint fails to state a claim for which relief may be granted.

423.  Plaintiff's claims are subject to and fail under the business judgment rule.

424. Plaintiff's claims fail because at all relevant times Defendants took actions in good faith, with justification, and without malice, and for legitimate nondiscriminatory and nonretaliatory reasons.

425. Plaintiff's claims fail as any alleged complaints were not made with a good faith belief that Defendants had engaged in any unlawful acts, or otherwise were made in bad faith or for the purpose of harassment or other improper motives.

426. Plaintiff's claims against Defendants are barred by the statutory immunity offered to political subdivisions and their employees under Ohio Rev. Code Ch. 2744.

427. Plaintiff unreasonably failed to utilize any preventative or corrective opportunities provided by Defendants or to avoid harm and the Defendants exercised reasonable care to prevent any alleged discriminatory acts or behavior.

428. Plaintiff failed to comply with administrative remedies and prerequisites required to pursue some of the relief sought in the Complaint.

429. To the extent that Plaintiff's claims of discrimination or retaliation exceed the scope of the administrative charge of discrimination filed or were not timely filed, those claims are barred.

430. Plaintiff's claims are barred in whole or in part for failure to exhaust administrative, contractual, and/or arbitral remedies.

431. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

432. Some or all of Plaintiff's claims are barred because Plaintiff has not demonstrated, and cannot demonstrate, that age or retaliation was the actual and proximate—that is, the "but for"—cause of any action.

433. Plaintiff's claims fail as Defendants would have taken the same actions regardless of any allegedly protected speech made by Plaintiff.

434. To the extent Plaintiff's claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983.

435. Plaintiffs' constitutional claims are barred because no alleged constitutional violations are attributable to an official policy or custom of any Defendant.

436. Plaintiffs' constitutional claims fail because there has been no deprivation by a person acting under color of law.

437. Defendants Henderson, Natko, and Tucker are immune to or entitled to qualified immunity and privilege as to some or all of Plaintiff's claims.

438. Plaintiffs' constitutional claims fail because Plaintiff did not comment on matters of public concern; and the employer's interest in promoting the efficiency of the public services it performs through its employees outweighs any interest Plaintiff may have had in commenting on supposed matters of public concern.

439. Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine.

440. Plaintiff's claims for damages are barred or otherwise limited due to their failure to mitigate damages.

441. Plaintiffs' claims for damages are subject to recoupment and set-off.

442. Plaintiff is not entitled to punitive damages because any alleged act or omission was not a willful violation of law, malicious, or in reckless indifference to Plaintiff's rights.

443. Plaintiff's claims for punitive damages are barred by statutory immunity and the doctrine of sovereign immunity.

444.   Any award of punitive damages in this case would violate the constitutional safeguards provided to Defendants under the constitutions of the United States and the State of Ohio.

445.   Plaintiff is not entitled to attorney's fees, costs, or expenses.

446.   In the event Akron, Henderson, Natko, or Tucker is a prevailing party on Plaintiff's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), or 42 U.S.C. § 1986, an award of attorney's fees under 42 U.S.C. § 1988(b) is appropriate.

447.   Plaintiff's claims for damages are subject to the caps, offsets, limitations, and reductions, including those set forth in federal law, such as 42 U.S.C. § 1981a, and including those set forth in state law, such as various sections of Ohio Rev. Code Ch. 2315.

448.   If any claim is to be tried to a jury and is one in which Plaintiff makes a claim for compensatory, punitive, and/or exemplary damages, it must be bifurcated according to Ohio Rev. Code § 2315.21 and/or to Fed. R. Civ. P. 42(b) upon later motion of Defendants.

449.   Subject to discovery, Plaintiff's claims are barred or otherwise limited by the doctrine(s) of after-acquired evidence, laches, unclean hands, estoppel, and/or waiver.

450.   Some or all of Plaintiffs' claims for damages are barred because Defendants undertook good faith efforts to comply with all applicable laws, rules, and regulations.

451.   Plaintiff's claims for damages are limited or not recoverable under the ADEA.

452.   Defendants reserve the right to amend or add affirmative defenses.

WHEREFORE, Defendants request that this Court enter judgment in their favor, dismiss Plaintiff's claims with prejudice, award them their reasonable attorney's fees and costs with interest, and grant them all other appropriate legal and equitable relief, including but not limited to an award of reasonable attorneys' fees and costs, interest, and such other relief as this Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38(b), Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

/s/ *Colin R. Jennings*
Colin R. Jennings (0068704)
colin.jennings@squirepb.com
W. Michael Hanna (0020149)
mike.hanna@squirepb.com
Elaine Aten Brown (0065117)
elaine.brown@squirepb.com
Chase A. Clark (0105097)
chase.clark@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44114-1304
Telephone: 216.479.8500
Fax: 216.479.8420

*Attorneys for Defendants City of Akron,*
*Leon Henderson, Joseph Natko, and*
*Clarence Tucker*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ *Colin R. Jennings*
Colin R. Jennings
*One of the Attorneys for Defendants*
